IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 19-266 |
| CHRISTOPHER EDWARDS | |

**MEMORANDUM OPINION**

**Schmehl, J.** */S/JLS*                                                                                  July 9, 2021

Before the Court is a *pro se* motion filed by Defendant Edwards that seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The government has filed a response, and Defendant's motion is now ready for decision.

I.     **STATEMENT OF FACTS**

On June 18, 2019, Edwards pled guilty to four counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C) and one count of possession with intent to distribute 28 grams of more of cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B), (b)(1)(C). These charges arose from four controlled drug buys between November of 2017 and August of 2018 in which Edwards sold, or aided and abetted the sale of bulk quantities of cocaine to a cooperating witness.

Edwards was sentenced on November 6, 2019 and was sentenced to 60 months in accordance with the sentence recommendation contained in the guilty plea agreement entered into by the parties. This sentence was a significant downward departure from the career offender guidelines, which would have resulted in a sentence of 188-235 months if applied.

Edwards is presently held at USP Lewisburg. He has served approximately 31 months and has credit for good conduct time of approximately 4 months, and thus has served approximately 35 months of the 60-month term imposed. During his current term of incarceration, he has not committed any disciplinary infractions.

On August 2, 2020, Edwards submitted a request for compassionate release to the warden based upon his diabetes and hypertension, the recent COVID outbreak at USP Lewisburg, and the fact that his children are suffering a hardship due to both their parents being incarcerated. Subsequently, on January 10, 2021, Edwards filed this *pro se* motion for compassionate release. In this motion he requests compassionate release due to his diabetes and hypertension and that fact that his wife, Isha Sampson, is also incarcerated and serving a prison sentence imposed by this Court for the same conduct as Edwards[1].

The government responded to Edwards' compassionate release motion and provided his medical records from the Bureau of Prisons. The records show that Edwards, who is 50 years old, suffers from diabetes, obesity (most recent BMI was 31.6) and significant blood pressure issues. ECF No. 37. Further, the government provided updated medical records that show Edwards refused the COVID-19 vaccination offered to him at USP Lewisburg on three separate occasions. ECF No. 40.

## II. <u>LEGAL AUTHORITY</u>

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

---

[1] According to the Bureau of Prisons, Isha Sampson was released from custody on June 17, 2021. Therefore, I will not address this argument for compassionate release made by Edwards.

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

3

> > cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> > (ii) The defendant is—
>
> > > (I) suffering from a serious physical or medical condition,
>
> > > (II) suffering from a serious functional or cognitive impairment, or
>
> > > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> > (B) Age of the Defendant.—The defendant
>
> > > (i) is at least 65 years old;
>
> > > (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
>
> > > (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> > (C) Family Circumstances.—
>
> > > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> > > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> > (D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla.

June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019). The Third Circuit held: "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also United States v. Roeder*, 807 F. App'x 157, 160-61 (3d Cir. 2020) (per curiam) (not precedential) ("the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."), *id.* at 161 n.16 ("Similarly, the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

If a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, a court must next analyze the factors under section 3553(a) and the Sentencing Commission's policy statement. Section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence

reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

### III. DISCUSSION

As stated above, Edwards asserts that he suffers from a condition that is a CDC risk factor in relation to COVID-19. Here, his conditions of obesity and diabetes are CDC risk factors and place him at greater risk of an adverse outcome from COVID-19. However, as documented in his medical records, Edwards refused the Janssen (Johnson & Johnson) COVID vaccine on January 25, 2021 and refused both the Moderna and Pfizer vaccines on May 27, 2021. ECF No. 40. Thus, it seems Edwards has voluntarily declined to mitigate his risk of a severe COVID-19 infection. There is no apparent medical reason why Edwards should not receive the vaccine, as the records state that he merely "refused." Accordingly, I find that his refusal to accept a vaccine negates any "extraordinary and compelling reason" for relief that he would otherwise have, such as his obesity and diabetes. This is in line with other courts in this circuit, who have similarly found that individuals who have declined vaccination to protect them against COVID-19 are not entitled to compassionate release. *United States v. Adams,* 2021WL 2822939 (E.D. Pa., July 7, 2021); *United States v. Ortiz*, 2021 WL 1422816 (E.D. Pa. Apr. 15, 2021); *United States v. Bautista*, 2021 WL 1264596 (E.D. Pa. Apr.6, 2021); *United States v. Jackson*, 2021 WL 1145903 (E.D. Pa. Mar. 25, 2021); *United States v. Robinson*, 2021 WL 719658 (W.D. Pa. Feb. 23, 2021).

Even assuming Edwards could present an extraordinary and compelling reason for relief, in examining the 3553(a) factors and Edwards' possible danger to the community, his release still must be denied. In examining these factors, I must evaluate whether the

sentence served reflects the nature and circumstances of the offense and the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect of the law, and affords adequate deterrence to criminal conduct.

First, including good time credit, Edwards has served approximately 40 months of his 60-month sentence. Accordingly, he has served approximately sixty-seven percent of his sentence, which was a significant downward variance when it was imposed.

Moreover, he continues to present a danger to the community, and should serve his entire sentence. Edwards had a significant amount of both crack and cocaine stored in his residence at the time of his arrest. Further, over the course of a little more than a year, he made four separate sales of cocaine to a confidential informant. There is no doubt that, at the time of his arrest, the defendant was engaged in conduct that was a significant danger to the community. The defendant committed these crimes notwithstanding his three prior felony drug convictions. Considering Edwards' serious criminal conduct, he should serve the balance of his 60-month prison sentence to deter him from selling drugs again in the future.

Further, Edwards' criminal conduct took place just three years ago, when he was 47, and suffering from some of the same conditions he presents today. In addition, he has a lengthy record of criminal conduct, including the commission of crimes while on parole or supervised release. Given all these circumstances, a reduction of Edwards' sentence is unwarranted. Edwards is a career criminal and continued incarceration is necessary to reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses. *See e.g. United States v. Martin*, 2020 WL 3960433 (E.D. Pa. July 13, 2020) (Kearney, J.) (defendant committed a felony murder at age 18, a bank

robbery at age 34, and then another bank robbery at age 44 for which he received a three-strikes life sentence; now, at age 66, he is suffering from COPD, asthma, obesity, coronary artery disease, ischemic cardiomyopathy, a blood clot in his heart, hypertension, and high cholesterol, but relief is denied due to his violent history); *United States v. Spencer*, 2020 WL 6504578 (E.D. Pa. Nov. 5, 2020) (Beetlestone, J.) (64-year-old presents COPD, and has served over 20 years of a life sentence for ten armed robberies; release is denied given the nature of the offenses and his criminal record); *United States v. Millhouse*, 2020 WL 6799170 (E.D. Pa. Nov. 19, 2020) (Edwards, C.J.) (relief denied after 170 months of 894-month sentence for violent robberies; he presents no risk factors; in addition, the robberies were violent, he attacked his court-appointed attorney with a razor blade in a proffer room, and he has 69 disciplinary infractions); *United States v. Richardson*, 2020 WL 3104909 (S.D.W. Va. June 11, 2020) (denied where defendant served only 2 years of 6-year drug sentence; "to relieve the Defendant of over fifty percent of his imposed sentence based on these facts would constitute an unwarranted sentencing disparity among similarly situated defendants facing similar conditions of confinement in light of the pandemic.")

Further, The Federal Bureau of Prisons, as of the date of this opinion, reports that there are 852 inmates housed at USP Lewisburg, which consists of a medium security penitentiary and an adjacent low security satellite camp. FEDERAL BUREAU OF PRISONS, *Lewisburg USP*, https://www.bop.gov/locations/list.jsp (last visited on July 9, 2021). As of the date of this opinion, only 1 staff member and no inmates are infected with COVID-19 at USP Lewisburg. FEDERAL BUREAU OF PRISONS, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited on July 9, 2021). Further,

there are 216 staff members and 556 inmates at USP Lewisburg who have received COVID-19 vaccinations. FEDERAL BUREAU OF PRISONS, *Lewisburg UPS*, https://www.bop.gov/coronavirus/ (last visited on July 9, 2021). According to the BOP, it "is committed to making the vaccine available to all staff and inmates who wish to receive it as quickly as possible." (*Id*.)

Accordingly, even though Edwards' diabetes and hypertension may increase his likelihood of an adverse outcome from COVID-19, when considering the 3553 factors, his danger to the community, the low case numbers at USP Lewisburg and the availability of vaccines to inmates such as Edwards, he does not warrant a sentence reduction or release in any fashion at the present time.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Edwards' motion for compassionate release is denied.